IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUSTIN WHITE, SR. INDIVIDUALLY AND AS THE LEGAL REPRESENTATIVE OF JUSTIN WHITE, JR., AND WIFE, JENNA WHITE,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>THE SHERWIN-WILLIAMS COMPANY; THE TYNER-PETRUS CO., W.M. BARR & COMPANY, INC.; BEHR SALES INC.; LOWE'S HOME CENTERS, INC.; HOME AND RANCH HARDWARE, INC.; RUST-OLEUM SALES COMPANY, INC.; ANNIE SLOAN US INC., JOLIE DESIGN & DÉCOR, LLC and PPG INDUSTRIES, INC.,<br><br>　　　　　　　Defendants. | Civil Action No.: |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-TITLED COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1331, 1441, and 1446, Defendants PPG Industries, Inc. ("PPG") and The Sherwin-Williams Company ("Sherwin-Williams"), hereinafter, collectively, "Defendants," remove this action from the Civil District Court for the Parish of Orleans to this Court. In support of its removal of this action, Defendants state as follows:

### BACKGROUND

1.　On or about June 5, 2019, Plaintiffs filed a lawsuit against Defendants and other Co-Defendants. Plaintiffs allege to have suffered damages a result of their use of and

exposure to products manufactured and/or supplied by the various defendants.  *See* Ex. A, Original Petition for Damages.

2. Specifically, Plaintiffs allege that their minor child was diagnosed with acute myeloid leukemia (AML) and suffered other injuries as a result of Plaintiffs' use of and exposure to the products allegedly at issue.

## PROCEDURAL REQUIREMENTS

3. The State Court Action was pending before the Civil District Court for the Parish of Orleans.  Because this Court is the United States District Court for the district and division embracing the place where the original action was filed, it is the appropriate Court for removal under 28 U.S.C. § 1446.

4. This Notice of Removal is timely filed by Defendants within thirty days of June 21, 2019, the date on which Defendants were first served with the Complaint.

5. All Defendants have consented to the removal of the State Court Action.  The written consent and joinder of all other defendants is attached to this Notice.  *See* Ex. B.

6. Copies of all process, pleadings, and orders served upon all other defendants are attached as Exhibit C, and the Notice to Counsel and The Clerk for the Parish of Orleans filed in the State Court proceedings is attached as Exhibit D.

## GROUNDS FOR REMOVAL

7. This Court's jurisdiction is based upon Defendants' timely Notice of Removal and two separate jurisdictional bases; Federal Question under 28 U.S.C. 1441(a), which requires consent of all Defendants, and Federal Question under 28 U.S.C. 1441(c), which does not require consent of all Defendants.

A.      **Federal Question Removal Jurisdiction 28 U.S.C. 1441 (a)**

8.      Removal is appropriate under 28 U.S.C. § 1441(a), which states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This Court, in turn, has original jurisdiction over "all civil actions arising under the Constitution . . . of the United States." 28 U.S.C. § 1331.

9.      This Court has original jurisdiction under 28 U.S.C. § 1331 over this lawsuit because an essential element of Plaintiffs' claim is controlled by and arises under the laws of the United States: the Federal Hazardous Substances Act (FHSA), the Consumer Product Safety Commission (CPSC) and its regulations. As such it may be removed to this Court under 28 U.S.C. § 1441(a).

10.      This product liability suit for personal injuries alleges that Plaintiffs' injuries were caused by "benzene, benzene-containing products, toluene, xylene, and other solvents" manufactured, supplied, sold and distributed by defendants. *Ex A.*, 16-17.

11.      Plaintiffs allege the Defendants owed and breached a duty to warn Plaintiffs as to the consumer products allegedly at issue, as well as to "design," "test," and "inspect" the products. *See* Ex. A. No matter what words are used, each of Plaintiffs' claims is based upon an alleged failure to warn the Plaintiffs of purported hazards associated with the use and exposure to the consumer products at issue.

12.      Plaintiffs' claims are asserted under theories of common law negligence and strict liability as well as under the Louisiana Products Liability Act (LPLA). *See* Ex. A.

13. However, Defendants' duty to warn users of purported hazards associated with the consumer products allegedly at issue is not determined by a "reasonable man" standard or any other state law standard of care, but rather is set by the FHSA and CPSC regulations. Any product designed, manufactured, sold or distributed by Defendants which contained the solvents allegedly at issue constituted a "hazardous consumer product" as defined and regulated by the CPSC pursuant to the FHSA, 15 U.S.C. § 1261, *et seq.*

14. Based upon the allegations in the Petition that the products at issue are consumer products, the adequacy of the warnings at issue will be measured by the FHSA which sets forth Defendants' duty to warn of "hazardous consumer products" and the CPSC's technology-derived, nationwide and uniform warning requirements for hazardous consumer products allegedly containing benzene and other solvents. *See* 12 U.S.C. §§ 1261 *et seq.*, and 15 C.F.R. §§ 1500, *et seq.*

15. Indeed, the FHSA expressly preempts any state statute, regulation, or common law standard (i.e. "reasonable man"), imposing additional or more elaborate warning or instruction requirements (i.e. legal duty) than set by the FHSA and the CPSC and its regulations. *See* 15 U.S.C. § 1261.

16. Defendants' duty to warn under the FHSA is therefore the same regardless of the state of sale, the state of use, the state where any alleged injury took place or where suit is filed. In that regard, federal law has displaced completely any state law standards for warnings relative to the products allegedly at issue.

17. The Fifth Circuit and other courts, including this District Court, have held that the FHSA preempts state common law causes of action for failure to warn.

18. In *Comeaux v. National Tea Co.*, 81 F.3d 42 (5th Cir. 1996), the 5th Circuit Court of Appeals held that "the FHSA preempts any state law warning requirements other than those imposed by the FHSA and its implementing regulations." *Comeaux*, 81 F.3d at 43 (adopting the reasoning of the Fourth Circuit in *Moss v. Parks Corporation*, 985 F.2d 736 (4th Cir., cert. denied 113 S.Ct. 2999, 125 L.Ed.2d 693 (1993)). In *Comeaux,* the Court specifically held that claims for failure to warn under the LPLA were pre-empted by the FHSA and any other or further warnings requirements, including those under the LPLA, were pre-empted. *See also Wagoner v. Exxon Mobil Corp., et al.,* 832. F.Supp. 2d 664 (E.D. La. 2011) (granting summary judgment in favor of Defendant with respect to Plaintiffs' state law warnings claims related to products which allegedly contained benzene on grounds that the same were expressly pre-empted under the FHSA and the 5th Circuit's holding in *Comeaux*).

19. Thus, despite the fact that Plaintiffs have not specifically alleged a violation of the FHSA, if indeed any cause of action exists over Defendants' warning label as to the allegedly hazardous products at issue, it arises under the laws of the United States for breach of the duty set forth in the FHSA and the CPSC regulations.

20. In fact, when faced with the identical issue, the District Court for the Southern District of Missouri held that a case was properly removable under 1441(a) based upon the preemption of state law warning claims by the FHSA. *See Fowler v. First Chem. Corp.,* 2006 U.D. Dist. LEXIS 5291 (S.D. Miss. 2006).

21. Likewise, this Court has held, in other contexts, that federal question jurisdiction lies when a state law claim is entirely pre-empted by a federal standard. *See Ginart v. State Farm Fire & Cas. Co.*, 2007 U.S. Dist. LEXIS 56713 (E.D. La. 2007) (holding

that removal was proper under § 1441(a) and § 1331 where the 5th Circuit had held that certain of Plaintiffs' state law tort claims were preempted by federal law and supplemental jurisdiction existed over the remaining state law claims); *see also Mills v. Allstate Indem. Co.*, 2007 U.S. Dist. LEXIS 17174 (E.D. La. 2007).

22. Moreover, under *Grable & Sons Metal Products, Inc. v. Darue Engr. & Mfg.*, federal question jurisdiction lies over state-law claims that turn on substantial questions of federal law. *See* 545 U.S. 308, at 312 (2005). This Court has federal question jurisdiction over state-law claims that "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314.

23. As noted, the resolution of Plaintiffs' claims necessarily involves the resolution of questions of federal law under the FHSA and CSPC regulations. As in *Grable*, the federal issue here is substantial and the determination of Plaintiffs' claims affects not only the parties allegedly involved in this action, but other parties in numerous other jurisdictions that may be subject to similar allegations based on the application federal standards and labelling requirements to their products.

24. Finally, federal jurisdiction over Plaintiffs' claims would not disturb any congressionally approved balance of federal and state judicial responsibilities. The federal government has an interest in the consistent construction and application of the federal standards at issue, and jurisdiction over these claims would not "materially affect, or threaten to affect, the normal currents of litigation." *Grable*, 545 U.S. at 319.

25. As a result, Federal jurisdiction exists over Plaintiffs' claims as to Defendants under 28 U.S.C. § 1331 and 1441(a).

B.     **SEPARATE AND INDEPENDENT CLAIMS UNDER 28 U.S.C. § 1441 (c)**

26.    Plaintiffs have asserted multiple causes of actions against both manufacturers and retailers of the products allegedly at issue.

27.    To the extent these other claims are separate and independent from the failure to warn or instruct claims applicable to a hazardous consumer product under the FHSA, the same are removable under 28 U.S.C. 1441(c).

WHEREFORE, Defendants request that this action proceed in this Court as a properly removed action.

Dated: July 8, 2019

                                          Respectfully Submitted,

                                          ALKER & RATHER, LLC

BY:     /s *James C. Rather, Jr.*

                                          Michael B. Alker (Bar No. 24275)
                                          James C. Rather, Jr. (Bar No. 25839)
                                          4030 Lonesome Road, Suite B
                                          Mandeville, LA  70448
                                          (985) 727-7501
                                          malker@alker-rather.com
                                          jrather@alker-rather.com
                                          *Counsel for Defendants PPG Industries, Inc.*
                                          *and The Sherwin-Williams Company*

## **CERTIFICATE OF SERVICE**

I, hereby certify that a true and correct copy of the foregoing Notice of Removal has been served this 8th day of July, 2019 by U. S. First Class Mail, postage prepaid upon the following:

L. Eric Williams, Jr., Esquire
Williams Law Office, LLC
3343 Metairie Road, Suite 6
Metairie, Louisiana 70001

**The Tyner-Petrus Company, Inc**.
Through its registered agent:
Wayne Petrus
611 Darbonne View Drive
West Monroe, Louisiana 721291

**W.M. Barr & Company, Inc.**
Through its agent for service:
C T Corporation System
300 Montvue Road
Knoxville, Tennessee 37919

**Behr Sales Inc. f/k/a Behr Paint Corporation**
Through its agent for service:
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA  70816

**Lowe's Home Center, Inc.**
Through its registered agent:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

**Home and Ranch Hardware, Inc.**
Through its registered agent:
Edward F. Justice
2360 Doss Highway
Collinston, Louisiana  71229

**Rust-Oleum Sales Company, Inc.**
Through its registered agent:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

**Annie Sloan US, Inc.**
Through its registered agent
F. Rivers Lelong, Jr.
201 St. Charles Avenue
New Orleans, Louisiana 70170

**Jolie Design Décor, Inc.**
Through its registered agent:
Lisa Rickert
6 Swan Street
New Orleans, Louisiana 70124


/s *James C. Rather, Jr.*
_____