UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUSTIN WHITE, SR., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11580** |
| **SHERWIN-WILLIAMS CO., ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (Doc. 4). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiffs filed this suit against Defendants[1] in state court. The complaint alleges that while Plaintiff Jenna White was pregnant with her son, Justin, she was exposed to multiple products manufactured and/or sold by Defendants. Plaintiffs contend that exposure to these products proximately caused her son's acute myeloid leukemia ("AML"). Specifically, Plaintiffs' complaint alleges that the products manufactured and/or sold by Defendants

---

[1] The Defendants in this case are W.M. Barr & Company, Inc.; Behr Process Corporation; Home and Ranch Hardware, Inc.; Rust-Oleum Sales Company, Inc.; Annie Sloan US, Inc.; PPG Industries, Inc.; Sherwin-Williams Company; Lowe's Home Centers, Inc.; Jolie Design & Decor, Inc.; and Tyner-Petrus Co. Inc.

1

contain "toxic levels of benzene, benzene-containing products, toluene, xylene, and other solvents."[2]

Plaintiffs' complaint solely employs state law theories of recovery, including negligence, gross negligence, strict liability, and Louisiana's Products Liability Act ("LPLA"). Plaintiffs allege that Defendants are liable under these theories of recovery because they "failed to warn Plaintiffs about the health hazards associated with benzene, toluene, xylene, and other solvents;" they breached their duty to design products made without benzene and to recall products with health hazards; and they manufactured and/or sold products that were "[u]nreasonably dangerous in construction, composition, design, and in inadequate warnings."[3]

Defendants timely removed the suit to federal court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1441(c).[4] Defendants contend that this Court has federal question jurisdiction because Plaintiffs' claims are preempted by the Federal Hazardous Substances Act ("FHSA" or "the Act"), rendering them as "arising under" the laws of the United States.[5] Plaintiffs subsequently filed the instant Motion to Remand.[6]

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[7] "The district courts shall have original jurisdiction of all civil actions arising under the

---

[2] Doc. 1-2 at 5.
[3] *Id.* at 13, 15–16, 18.
[4] Doc. 1 at 3, 7.
[5] *Id.* at 3–4.
[6] *See* Doc. 4.
[7] 28 U.S.C. § 1441.

2

Constitution, laws, or treaties of the United States."[8] "Whether a claim arises under federal law is a question determined by reference to the plaintiffs' well-pleaded complaint."[9] A federal question under 28 U.S.C. § 1331 is present when "there appears on the face of the complaint some substantial, disputed question of federal law."[10] This is commonly referred to as the well-pleaded complaint rule.

The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[11] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[12]

## LAW AND ANALYSIS

Defendants contend that removal based on 28 U.S.C. § 1331 is proper because the FHSA preempts Plaintiffs' state-law failure to warn claims, rendering Plaintiffs' claims as "arising under" the laws of the United States.

Congress enacted the FHSA in 1960 to "provide a nationally uniform requirement for adequate cautionary labeling of packages of hazardous substances."[13] The FHSA regulates benzene, toluene, zylene, and many other substances deemed hazardous.[14] If a product contains certain levels of these substances, the FHSA mandates that the product be fitted with a special label comporting with the requirements under the Act.[15]

---

[8] 28 U.S.C. § 1331.
[9] PCI Transp., Inc. v. Fort Worth & W.R. Co., 418 F.3d 535, 543 (5th Cir. 2005).
[10] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 366 (5th Cir. 1995).
[11] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).
[12] *Manguno*, 276 F.3d at 723.
[13] H.R. Rep. 86-1861, at 1 (1960), *reprinted in* 1960 U.S.C.C.A.N 2833, 2833.
[14] *See* 16 C.F.R. § 1500.14(b)(3); *see also* 15 U.S.C. § 1261 *et seq.*
[15] *See* 16 C.F.R. § 1500.14(b)(3); *see also* 15 U.S.C. § 1261 *et seq.*

In 1966, Congress amended the statute by adding an express preemption clause, among other things.[16] In 1976, Congress again amended the FHSA, this time restyling the express preemption clause to state:

> [I]f a hazardous substance . . . is subject to a cautionary labeling requirement . . . no State . . . may establish or continue in effect a cautionary labeling requirement applicable to such substance . . . unless such cautionary labeling requirement is identical to the labeling requirements [under the act].[17]

The Fifth Circuit has considered the preemptive effect of the FHSA's express preemption clause. In *Comeaux v. National Tea Co.*,[18] the Fifth Circuit adopted the holding of *Moss v. Parks Corp.*,[19] a Fourth Circuit opinion. After analyzing Congress' preemptive intent under the statute, the *Moss* court found "it is clear that Congress intended to preempt state laws proposing labeling requirements *not identical* to the FHSA's regulations."[20] *Moss* ultimately held that:

> in an area of limited Congressional preemption such as the FHSA, a common law tort action based upon failure to warn may only be brought for non-compliance with existing federal labeling requirements. . . . [I]f the plaintiff requests a label that is "more elaborate or different" than the one required by the FHSA and its regulations, the claim is preempted. . . .[21]

Thus, as articulated in *Moss*, and as adopted by the Fifth Circuit in *Comeaux*, state law claims of inadequate labeling or failure to warn are preempted by the Act to the extent that they request labeling requirements different in any way from those required by the FHSA.[22] Therefore, the FHSA provides the

---

[16] Pub.L. No. 89-756, § 4(a), 80 Stat. 1303, 1305 (codified at 15 U.S.C. § 1261 note).
[17] Pub.L. No. 94-284, § 17(a), 90 Stat. 503, 510 (codified at 15 U.S.C. § 1261 note (b)(1)(A)).
[18] 81 F.3d 42 (5th Cir. 1996).
[19] 985 F.2d 736 (4th Cir. 1993).
[20] *Id.* at 739 (emphasis added).
[21] *Id.* at 740–41.
[22] "[A]s the [FHSA]'s preemption provision makes clear, a plaintiff may assert a state-law cause of action that adopts, as the applicable standard of care, compliance with the FHSA's

4

exclusive standard for adjudicating Plaintiffs' failure to warn claims. Because of this, Defendants argue that an essential element of Plaintiffs' claim is controlled by and arises under the laws of the United States.[23] The Court agrees.

When state law creates a plaintiff's cause of action, the case may nevertheless "arise under" the laws of the United States and confer jurisdiction upon the federal courts if the complaint establishes a "right to relief under state law [that] requires resolution of a substantial question of federal law in dispute between the parties."[24] For this form of federal question jurisdiction, "the question is, does a state law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[25] The Fifth Circuit has interpreted the Supreme Court's articulation of this standard into four elements that consider whether "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities."[26] An assessment of each factor as it relates to this case demonstrates that Plaintiffs' claims sufficiently "arise under" federal law so as to confer subject matter jurisdiction to this Court.

### A. Resolving a Federal Issue Is Necessary to Resolve the State-Law Claim

---

labeling requirements." Wagoner v. Exxon Mobil Corp., 832 F. Supp. 2d 664, 670 (E.D. La. 2011).

[23] Doc. 1 at 3, 5 (noting that an element of Plaintiffs' claims is the "breach of the duty set forth in the FHSA.").

[24] Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 436 U.S. 1, 13 (1983).

[25] Grable & Sons Metal Prod. v. Darue Eng'g, 545 U.S. 308, 314 (2005).

[26] Singh v. Duane Morris LLP, 538 F.3d 334, 338 (5th Cir. 2008); In re Katrina Canal Breaches Litig., 342 F. App'x 928, 932 (5th Cir. 2009).

The Court finds that this element has been satisfied. As Defendants' Notice of Removal points out, Plaintiffs allege that products sold and/or manufactured by Defendants contain certain solvents that are covered under the FHSA's labeling requirements.[27] To the extent that Plaintiffs' claims contest the adequacy of the warnings or labels at issue, the standard of care is set by the FHSA's labeling requirements. Thus, to be successful on their claims, Plaintiffs would have to prove that Defendants' warnings and/or labels fell short of the standards set forth in the FHSA.[28] This Court therefore finds that resolving Plaintiffs' claims requires resolution of a federal issue: whether the labels and/or warnings comport with the FHSA's requirements.

**B. Existence of an Actually-Disputed Federal Issue**

The relevant dispute arising from Plaintiffs' claims is whether Defendants' products comport with the FHSA's labeling requirements—*not* what the requirements themselves entail. Nothing in the parties' briefs demonstrates that the specific labeling requirements of the FHSA are in dispute. Rather, it appears that resolution of Plaintiffs' failure to warn and inadequate labeling claims simply requires rote application of the FHSA's labeling requirements. Because resolution of Plaintiffs' claims will not require resolution of a *disputed* federal issue, this second element fails.

**C. Existence of a Substantial Federal Issue**

A substantial federal issue is one "indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum."[29] If the federal law is "only tangentially relevant to an element of a state cause of

---

[27] Doc. 1 at 4.
[28] The FHSA governs the standard of care for failure to warn and inadequate labeling claims and preempts state law claims that require a different standard. *See supra,* Section II.
[29] Rayburn v. Miss. Dev. Auth., 877 F. Supp. 2d 494, 497 (S.D. Miss. 2012) (citing *Singh*, 538 F.2d at 338).

action," then it is not substantial.[30] In this case, the viability of Plaintiffs' claims turns wholly on whether Defendants' labels comport with the requirements of a federal statute.[31] The pertinent federal law, therefore, is not a mere tangential consideration, but rather, the crucial element upon which the outcome of the case turns. Where, as here, a plaintiff may assert a state-law cause of action "that adopts, as the applicable standard of care, compliance with the FHSA's labeling requirements," the governing federal law is indeed substantial.[32]

**D. No Disturbance of Federal-State Judicial Responsibility Balance**

By maintaining jurisdiction over Plaintiffs' claims, this Court would not be disturbing the balance of federal-state judicial responsibility. As stated earlier, while state-law claims of failure to warn for hazardous substances are permitted, they are nevertheless preempted to the extent that they deviate from the requirements in the FHSA. A federal district court's adjudication of compliance with a federal statute can hardly be said to disturb the balance between state and federal courts. Furthermore, as it relates to the particular federal statute at issue here, "given the need for consistency among the fifty states in applying the FHSA, which is basic to the free flow of goods and services among the fifty states, having the consistency of a federal forum to apply Congress's intended preemption" only strengthens the balance between federal and state courts.

A review of these four factors reveals that Plaintiffs' state-law tort claims "necessarily raise a stated federal issue, actually disputed and substantial,

---

[30] *Id.* (citing *Singh*, 538 F.2d at 339) (internal quotations omitted).
[31] The FHSA governs the standard of care for failure to warn and inadequate labeling claims and preempts state law claims that require a different standard. *See supra,* Section II.
[32] *Wagoner*, 832 F. Supp. 2d at 670.

7

which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[33] Accordingly, Plaintiffs' claims "arise under" the laws of the United States and properly confer federal question subject matter jurisdiction to this Court.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion to Remand (Doc. 4) is **DENIED.**

New Orleans, Louisiana this 21st day of November, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[33] *Grable & Sons Metal Prod*, 545 U.S. at 314.