UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUSTIN WHITE, SR., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11580** |
| **SHERWIN-WILLIAMS CO., ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Reconsideration (Doc. 52); Defendant W.M. Barr & Company, Inc.'s ("WM") Motion to Dismiss (Doc. 30); and Defendant Annie Sloan US, Inc.'s ("ASUSI") Motion to Dismiss (Doc. 31). For the following reasons, Plaintiffs' Motion is **DENIED**, and Defendants' Motions are **GRANTED**.

## BACKGROUND

Plaintiffs, Jenna White and Justin White, Sr., filed this suit against Defendants in state court.[1] Plaintiffs allege that while Jenna White was pregnant with her son, Justin White, Jr., she was exposed to toxic levels of benzene, benzene-containing products, toluene, xylene, and other solvents in products manufactured and/or sold by Defendants. Plaintiffs contend that this

---

[1] The Defendants in this case are W.M. Barr & Company, Inc.; Behr Process Corporation; Home and Ranch Hardware, Inc.; Rust-Oleum Sales Company, Inc.; Annie Sloan US, Inc.; PPG Industries, Inc.; Sherwin-Williams Company; Lowe's Home Centers, Inc.; Jolie Design & Decor, Inc.; and Tyner-Petrus Co. Inc.

1

exposure proximately caused Justin White, Jr.'s acute myeloid leukemia ("AML"). Plaintiffs bring claims under theories of negligence, gross negligence, strict liability, and Louisiana's Products Liability Act ("LPLA").

Defendants removed the action to this Court, invoking federal question subject matter jurisdiction. Subsequently, Plaintiffs moved to remand the action back to state court. Plaintiffs argued that this Court lacked subject matter jurisdiction because they did not raise a federal question on the face of their Complaint. This Court denied Plaintiffs' Motion to Remand. Plaintiffs now move the Court to reconsider its Order and Reasons denying the Motion to Remand. Defendants oppose.

Additionally, Defendant WM seeks dismissal of certain claims against it. WM argues that the LPLA establishes the exclusive theory of liability for manufacturers whose products cause damages, and it seeks dismissal of all Plaintiffs' claims against it that are not under the LPLA. Plaintiffs oppose. Defendant ASUSI also seeks dismissal of all claims against it. ASUSI argues that it did not exist at the time of the alleged unlawful conduct, and therefore, Plaintiffs have failed to state a plausible claim for relief against it. Plaintiffs oppose. The Court will consider each motion in turn.

## LEGAL STANDARD

### I.  Motion for Reconsideration

A Motion for Reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b).[2] "Under Rule 54(b), 'the trial court is

---

[2] FED. R. CIV. P. 54(b) (noting that a district court may revise at any time prior to final judgment "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties"). *See* McClendon v. United States, 892 F.3d 775, 781 (5th Cir. 2018) ("[W]hen a district court applies the more stringent Rule 59(e) standard in denying a motion to reconsider an interlocutory order, we must vacate and remand for

free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[3]

## II. Rule 12(b)(6) Motions to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[4] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[5] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[6] The Court need not, however, accept as true legal conclusions couched as factual allegations.[7] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[8] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[9]

## LAW AND ANALYSIS

### I. Motion for Reconsideration

Plaintiffs in this Motion continue to re-hash the same arguments they have previously made. Plaintiffs fail to present any new legal arguments or

---

the district court to reconsider the motion for reconsideration under the more flexible Rule 54(b).") (internal quotation marks and brackets omitted).

[3] Austin v. Kroger Texas, L.P., 864 F.3d 326, 336 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).

[4] Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[5] *Id.*

[6] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[7] *Iqbal*, 556 U.S. at 667.

[8] *Id.*

[9] *Lormand*, 565 F.3d at 255–57.

evidence for this Court to consider. Instead, Plaintiffs continue to argue that federal question subject matter jurisdiction can only arise if a federal question is raised on the face of the complaint. The law is clear: when state law creates a plaintiff's cause of action, the case may nevertheless "arise under" the laws of the United States, and therefore confer subject matter jurisdiction upon federal courts, if the complaint establishes a "right to relief under state law [that] requires resolution of a substantial question of federal law in dispute between the parties."[10]

In an Order and Reasons issued on November 21, 2019, this Court went through a four-factor analysis followed by the Fifth Circuit to determine whether Plaintiffs' Complaint established such a right to relief under federal law. After analyzing the four factors, this Court concluded that Plaintiffs' state law tort claims raise "a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[11] In their Motion for Reconsideration, Plaintiffs fail to acknowledge or even address this Court's analysis. Rather, Plaintiffs spend considerable time explaining case law from other circuits and making disingenuous arguments. Accordingly, the Court sees no need to disturb its previous decision denying Plaintiffs' Motion to Remand.

**II. WM's Motion to Dismiss**

Defendant WM argues that all claims brought against it that are not under the LPLA should be dismissed because when a plaintiff brings an action under the LPLA, the LPLA creates the exclusive theory of liability for manufacturers whose products cause damage. Here, Plaintiffs allege that WM

---

[10] Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 13 (1983).
[11] Doc. 52 at 7–8.

4

"manufactured, supplied, sold, and distributed Klean Strip Mineral Spirits and Jasco Mineral Spirits;" that these products contained the harmful chemicals that caused Justin White, Jr.'s AML; and that WM failed to warn Plaintiffs of the dangers caused by their products.[12] Plaintiffs claims are brought under theories of negligence, gross negligence, strict liability, and the LPLA.

The LPLA expressly states that it "establishes the exclusive theories of liability for manufacturers for damage caused by their products. A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in [the LPLA]."[13] The Fifth Circuit has held that, "for causes of action arising after the effective date of the LPLA, negligence, strict liability, and breach of express warranty are not available as theories of recovery against a manufacturer, independent from the LPLA."[14] Plaintiffs fail to provide any argument to the contrary. Accordingly, the Court must dismiss all non-LPLA claims raised against Defendant WM.

### III. ASUSI's Motion to Dismiss

ASUSI argues that Plaintiffs fail to state a plausible claim for relief against it because it did not exist at the time of the alleged harm and was incorporated only after the incident in question. ASUSI points the Court to its Articles of Incorporation, certified by the Louisiana Secretary of State, showing that it was incorporated on September 28, 2018.[15]

Typically, "in deciding a motion to dismiss for failure to state a claim, if matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment."[16] However, when a

---

[12] Doc. 1-2 at 6.
[13] LA. STAT. ANN. § 2800.52.
[14] Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 261 (5th Cir. 2002).
[15] Doc. 31-2.
[16] In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (citing FED. R. CIV. P. 12(b)) (internal quotation marks omitted).

5

court is considering public records, no such conversion is required.[17] Business filing records of the Louisiana Secretary of State are considered public records.[18] Accordingly, the Court takes judicial notice of ASUSI's incorporation date of September 28, 2018.

Plaintiffs' Complaint alleges that from November 2017 through April 2018, Jenna White used products allegedly manufactured by ASUSI and that these products caused Justin White, Jr.'s AML. ASUSI argues that, "[b]ecause ASUSI had not come into existence as of the last date of exposure relevant to the Plaintiffs' claims . . . ASUSI cannot possibly be found liable for any purported tortious conduct that took place before the company came into existence."[19] This Court agrees. Accordingly, an insurmountable bar to relief exists, and Plaintiffs' claims against ASUSI must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration is **DENIED**. Defendant WM's Motion to Dismiss is **GRANTED**, and all non-LPLA claims brought against it are **DISMISSED WITH PREJUDICE**. Defendant ASUSI's Motion to Dismiss is **GRANTED**, and all claims against it are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 5th day of March, 2020.

---

[17] Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011) (finding that a district court took "appropriate judicial notice of publicly-available documents and transcripts . . . which were matters of public record directly relevant to the issue at hand") (citing Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007)); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 2007).

[18] Fornea v. Int'l Paper, Co., 2015 WL 729708, at *1 (E.D. La. Feb. 19, 2015) (citing Williams v. Homeland Ins. Co. of N.Y., 657 F.3d 287, 291 n.5 (5th Cir. 2011)).

[19] Doc. 31-1 at 4.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**