UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JUSTIN WHITE, SR., ET AL.**                               **CIVIL ACTION**

**VERSUS**                                                  **NO. 19-11580**

**SHERWIN-WILLIAMS CO., ET AL.**                            **SECTION: "H"**

### ORDER AND REASONS

Before the Court are Defendants PPG Industries, Inc.; The Sherwin-Williams Company; and Behr Process Corporation's Motions for Judgment on the Pleadings (Docs. 76, 77, and 78, respectively) and Defendants PPG Industries, Inc.; The Sherwin-Williams Company; Lowe's Home Centers, LLC; W.M. Barr & Company, Inc.; and Behr Process Corporation's Motion for Entry of a *Lone Pine* Scheduling and Discovery Order (Doc. 80). For the following reasons, the Motions for Judgment on the Pleadings are **GRANTED**, and the Motion for Entry of a *Lone Pine* Scheduling and Discovery Order is **DENIED**.

### BACKGROUND

Plaintiffs, Jenna White and Justin White, Sr., filed this suit against Defendants in state court.[1] Plaintiffs allege that while Jenna White was

---

[1] The Defendants in this case are W.M. Barr & Company, Inc.; Behr Process Corporation; Home and Ranch Hardware, Inc.; Rust-Oleum Sales Company, Inc.; PPG Industries, Inc.; Sherwin-Williams Company; Lowe's Home Centers, Inc.; Jolie Design & Decor, Inc.; and Tyner-Petrus Co. Inc.

1

pregnant with her son, Justin White, Jr. ("Justin"), she was exposed to toxic levels of benzene, benzene-containing products, toluene, xylene, and other solvents in products manufactured and/or sold by Defendants. Plaintiffs contend that this exposure proximately caused Justin's acute myeloid leukemia ("AML"). Plaintiffs bring claims under theories of negligence, gross negligence, strict liability, and the Louisiana Products Liability Act ("LPLA").

Defendants removed the action to this Court, invoking federal question subject matter jurisdiction. Subsequently, Plaintiffs moved to remand the action back to state court. Plaintiffs argued that this Court lacked subject matter jurisdiction because they did not raise a federal question on the face of their Complaint. This Court denied Plaintiffs' Motion to Remand, finding that Plaintiffs' state law LPLA claims "arise under" the laws of the United States because they require resolution of a substantial question of federal law in dispute between the parties, thereby conferring subject matter jurisdiction upon this Court.[2]

Presently before the Court are Motions for Judgment on the Pleadings filed separately by Defendants PPG Industries, Inc. ("PPG"); The Sherwin-Williams Company ("Sherwin-Williams"); and Behr Process Corporation ("Behr"). In their Motions, Defendants each argue that the LPLA establishes the exclusive theory of liability for manufacturers whose products allegedly cause damages, and all claims brought against them that are not under the LPLA should accordingly be dismissed. Plaintiff filed an opposition to the Motions. Additionally, Defendants PPG; Sherwin-Williams; Lowe's Home Centers, LLC ("Lowe's"); W.M. Barr & Company, Inc. ("WM"); and Behr filed a Motion for Entry of a *Lone Pine* Scheduling and Discovery Order. Plaintiff opposes. The Court will address each Motion in turn.

---

[2] Doc. 51.

## **LEGAL STANDARD**

Rule 12(c) provides that a party may move for judgment on the pleadings after pleadings are closed but early enough not to delay trial.[3] The standard for determining a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss.[4] To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[5] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[6] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[7] A court need not, however, accept as true legal conclusions couched as factual allegations.[8]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[9] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[10] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[11]

---

[3] FED. R. CIV. P. 12(c).
[4] Guidry v. Am. Pub. Life Ins. Co., 512 F.3d 177,180 (5th Cir. 2007).
[5] Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[6] *Id.*
[7] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[8] *Iqbal*, 556 U.S. at 667.
[9] *Id.*
[10] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[11] *Lormand*, 565 F.3d at 255–57.

## LAW AND ANALYSIS

### I. Motions for Judgment on the Pleadings

Plaintiffs allege that Defendants PPG, Sherwin-Williams, and Behr "manufactured, supplied, sold, and distributed" various products used by Plaintiff Jenna White that allegedly contained "benzene, toluene, xylene, and other solvents."[12] Plaintiffs allege that Jenna White's use of these products while pregnant proximately caused Justin's AML.[13] Plaintiffs' claims against these particular Defendants are brought under theories of negligence, gross negligence, strict liability, and the LPLA.

PPG, Sherwin-Williams, and Behr argue that all claims brought against them not under the LPLA should be dismissed because when a plaintiff brings an action under the LPLA, the LPLA creates the exclusive theory of liability. Plaintiffs, in their Opposition, cite to this Court's earlier Order and Reasons dismissing all non-LPLA claims against Defendant WM.[14] Plaintiffs conclude their Opposition with a request that this Court "grant Defendants' Motion to dismiss all non-LPLA claims."[15]

Indeed, the LPLA expressly states that it "establishes the exclusive theories of liability for manufacturers for damage caused by their products. A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in [the LPLA]."[16] The Fifth Circuit has held that, "for causes of action arising after the effective date of the LPLA, negligence, strict liability, and breach of express warranty are not available as theories of recovery against a manufacturer, independent from

---

[12] Doc. 1-2 at ¶¶ 4, 9–12.
[13] *Id.* at ¶¶ 18–22.
[14] Doc. 71.
[15] Docs. 82 at 2, 83 at 2, 84 at 2.
[16] LA. STAT. ANN. § 2800.52.

4

the LPLA."[17] Plaintiffs acknowledge this controlling precedent and acquiesce to Defendants' requested relief. Accordingly, for the same reasons that all non-LPLA claims raised against Defendant WM were dismissed, the Court must dismiss all non-LPLA claims raised against Defendants PPG, Sherwin-Williams, and Behr.

In Plaintiffs' Opposition to these Motions, Plaintiffs request that the Court "take judicial notice that [Behr, Sherwin-Williams, and PPG] judicially confessed that the LPLA is the only theory of liability the plaintiff [sic] can bring against [Behr, Sherwin-Williams, and PPG] and therefore, no FHSA [Federal Hazardous Substances Act] claims could possibly exist in this case."[18]

Plaintiffs' obtuse request is denied as meritless. This Court has adjudicated the issue of the FHSA's applicability to this matter ad nauseam. It is axiomatic to this Court that, by virtue of the LPLA being the *exclusive* theory of liability for Defendants, no other claims are viable against these Defendants—including FHSA claims. In light of Plaintiffs' repeated demonstrations of misunderstanding, this Court strongly urges Plaintiffs to heed Defendant Behr's apt assessment: "[W]hile Plaintiffs are limited to asserting claims under the LPLA by the exclusive provisions of that statute . . . Plaintiffs' claims under the LPLA for failure to warn will nevertheless be measured and adjudicated according to standards set forth in the FHSA and its implementing regulations."[19]

## II. Motion for Entry of *Lone Pine* Scheduling and Discovery Order

Defendants PPG, Sherwin-Williams, Lowe's, WM, and Behr ask this Court to issue a *Lone Pine* scheduling and discovery order. Specifically,

---

[17] Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 261 (5th Cir. 2002).
[18] Docs. 82 at 2, 83 at 2, 84 at 2.
[19] Doc. 104 at 2.

5

Defendants' proposed *Lone Pine* order would require Plaintiffs to submit evidence related to exposure and causation before the parties conduct discovery. Defendants emphasize the uniqueness of Plaintiffs' allegations of *in utero* exposure to benzene as the cause of Justin's AML and note that it is something for which they have never been sued. Plaintiffs argue that a *Lone Pine* order is inappropriate for a number of reasons. Specifically, Plaintiffs note that this is not a mass tort case and that Defendants failed to demonstrate how standard discovery procedures would be inadequate. Plaintiffs also aver that discovery has not yet begun, so entry of a *Lone Pine* order would be premature.

"*Lone Pine* orders take their name from *Lore v. Lone Pine Corp.*, in which the New Jersey Superior Court approved a pretrial order that required plaintiffs in a mass tort proceeding to provide basic facts about their case via expert reports or risk dismissal."[20] *Lone Pine* orders are "designed to handle the complex issues and potential burdens on defendants and courts in mass tort litigation."[21] Courts use *Lone Pine* orders "to identify and cull potentially meritless claims and streamline litigation in complex cases."[22] "*Lone Pine* burden-shifting is appropriate in exceptional circumstances where the defendant can establish that it would be unduly burdensome to conduct discovery using the standard discovery methods provided by the Federal Rules of Civil Procedure."[23] Whether to issue a *Lone Pine* order falls within "the wide discretion afforded district judges over the management of discovery."[24]

---

[20] Smith v. Atrium Med. Corp., No. CIV.A. 14-418, 2014 WL 5364823, at *1 (E.D. La. Oct. 21, 2014) (citing Lore v. Lone Pine Corp., No. L-33606-85, 1986 WL 637507, at *1–3 (N.J. Super. Ct. Nov. 18, 1986)) (internal citations omitted).
[21] Acuna v. Brown & Root, Inc., 200 F.3d 335, 340 (5th Cir. 2000).
[22] In re Vioxx Prod. Liab. Litig., 557 F. Supp. 2d 741, 743 (E.D. La. 2008) (quoting Baker v. Chevron USA, Inc., No. 1:05–cv–227, 2007 WL 315346, at *1 (S.D. Ohio Jan. 30, 2007)).
[23] *Smith*, 2014 WL 5364823, at *1 (quoting Jackson v. Syngenta Crop Prot., LLC, CIV. A. No. 12-581, 2013 WL 4039403, at *1 (M.D. La. Aug. 7, 2013)).
[24] *Id.* (citing *Acuna*, 200 F.3d at 340).

Ultimately, "a court should strive to strike a balance between efficiency and equity."[25]

This Court finds Plaintiffs' arguments against entering a *Lone Pine* order compelling. First, this is not a mass tort case involving suit by hundreds of plaintiffs against numerous defendants. "The number of plaintiffs—two, with just their child as the focus of the case—is simply too low to require the plaintiffs to provide prima facie proof to support their claims pursuant to a *Lone Pine* order."[26] That Defendants have yet to be sued for damages resulting from *in utero* exposure to their products does not serve to elevate this case to a mass tort or complex litigation. Second, Defendants fail to establish how standard discovery procedures would be inadequate for this case. Defendants assert that Plaintiffs will not be able to meet their burden of establishing causation, but they fail to articulate how the ordinary discovery process will be inadequate in fleshing out this issue. Moreover, Plaintiffs correctly note that the Federal Rules of Civil Procedure provide for expert reports and that this Court will set a deadline for their production. Finally, the current posture of this case makes Defendants' request inappropriate. As of the date of the filing of this Motion, the parties have not engaged in any discovery. "To require plaintiff to produce evidence demonstrating . . . causation at this juncture of the proceedings, without the benefit of discovery, would place an additional burden on plaintiff not contemplated by the Federal Rules of Civil Procedure."[27]

Simply put, this Court sees no exceptional circumstances in this matter that necessitate the entry of a *Lone Pine* scheduling and discovery order. While

---

[25] *Id.* (citing *In re Vioxx Prod. Liab. Litig.*, 557 F. Supp. 2d at 744).
[26] *Jackson*, 2013 WL 4039403, at *1.
[27] *Smith*, 2014 WL 5364823, at *2 (citing McManaway v. KBR, Inc., 265 F.R.D. 384, 388 (S.D. Ind. 2009)).

Plaintiffs' claim may be unique and the first of its kind for Defendants, uniqueness is not the requisite threshold for entry of *Lone Pine* orders.

## CONCLUSION

For the foregoing reasons, Defendants PPG, Sherwin-Williams, and Behr's Motions for Judgment on the Pleadings (Docs. 76, 77, 78, respectively) are **GRANTED**, and all non-LPLA claims brought against them are **DISMISSED WITH PREJUDICE**. Defendants PPG; Sherwin-Williams; Lowe's Home Centers, LLC; WM; and Behr's Motion for Entry of a *Lone Pine* Scheduling and Discovery Order (Doc. 80) is **DENIED**. The Scheduling Order issued on April 7, 2020 (Doc. 90) will govern this matter.

New Orleans, Louisiana this 29th day of May, 2020.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**